The Honorable Judges of the United States Court of Appeals in this Board of Seven Judicial Sessions. Hearing, hearing, hearing. Office of Injustice before the Honorable Court of Law, Judge and Prosecutor's Attorney, and the Court of Appeals. Judge of the United States and the Honorable Court. Good morning, ladies and gentlemen. Our first case for argument this morning is United States v. Jones. Mr. Bruton. Thank you. Good morning. May it please the Court. The Fourth Amendment inquiries here all turn on a reasonable person standard. And no reasonable person confronted by armed and uniformed officers at night who refused to leave your dwelling place until you answered the door would feel free to terminate the encounter or give voluntary consent after having an unexplained warrant flashed in your face. Assuming, arguendo, there was consent based on the statement, we would like to verify she's not inside, a reasonable person would understand that to mean a quick visual search, not manhandling bets. Counsel, that's the kind of argument you might make to the district judge. But the district judge made some findings of fact, and you have to persuade us that they are clearly erroneous. So why are they clearly erroneous? So, first, on the findings of fact for clearly erroneous, we maintain the proper standard is de novo for consent, and we maintain that argument for— You can say that, but I wish you'd answer my question. It's clearly erroneous because there was a warrant shown, and there were no findings of fact made about the warrant, or that Mr. Jones understood the warrant. And we know that from Bumper and Nassar. Why do you have to understand the warrant? The police show up, and they say, we have a warrant for the arrest of Smith or Green, right? There's no doubt that that was true. You don't have to explain the law of warrants. Under the test set out in Nassar, once officers present a warrant to a suspect, if there is any chance that there would be ambiguity about what that warrant conveys authority to do— There's no ambiguity. There is a warrant for the arrest of a particular named person, Gosnell, right? What's the ambiguity? Respectfully, Judge, you may understand the difference in an arrest warrant and a search warrant, but Mr. Jones did it, and I also did not at the beginning of this case. I needed to go back, look on Westlaw, see what an arrest warrant conveyed authority to do, see if it let you into another person's house. And that took, you know, at least a couple hours in the benefit of daylight with the benefit of Westlaw. You did not make that argument to the district court. The impact, if any, of the warrant for her arrest was not argued as part of the seizure aspect or as part of the consent. So you're here on plain error, which is a very high hurdle. So Jones preserved the antecedent constitutional issues of seizure, consent, voluntary consent, and scope of consent. But not based on the warrant. That was never raised. So the government bears the burden of proving voluntary consent, and that includes under bumper Nassar explaining the presentation of the warrant. But why would that exclude explaining the presence of the warrant when they weren't relying on the warrant for consent or for seizure? The government relied on the totality of the circumstances and the fact that a reasonable person would feel free to decline. They weren't relying on the warrant.  So the prosecutor wasn't relying on the warrant to justify the search or seizure, but the officers showed the warrant to Mr. Jones when they were obtaining consent. And under Nassar we know that the government bears the burden by preponderance of the evidence on this threshold inquiry, which is what Nassar calls a threshold inquiry. And so if we want to go back to the facts of that case, dairy farmer, cops show up, they hand a warrant for the truck to the dairy farmer. He even has the opportunity to read it. He has the opportunity to read an FBI consent form. This court said that still was not enough because the officers presented the warrant in a way that would lead Mr. Nassar to believe that it had some authority for them to go into his property. But that's what they were relying on. They were relying on the warrant there, and the court found that the warrant was defective because it wasn't particularized. Back to my question here, the officers when they showed up at the hotel were not relying on the warrant for anything. So the prosecutors in Nassar did not rely on the warrant. They only relied on consent. And similarly in this case, you don't have to find that the officers themselves had a subjective belief that they were relying on the warrant. They also didn't have to tell Mr. Jones, we are relying on this warrant to come in. But because they presented the warrant to him with their request to verify whether she's inside, this court has to find that Mr. Jones, or excuse me, the district court had to find that Mr. Jones understood the difference between an arrest warrant for a third person and an arrest warrant for him and a search warrant for his motel. Even though you never raised that argument. It's up to the district court to make that determination. It is up to the government who bears the burden on the question to show by preponderance of the evidence voluntary consent, and that includes explaining the warrant. Mr. Brewton, can I put a similar question to you a different way, and you can tell me where my thinking goes wrong here. You argue in your brief that parties preserve issues, that they don't preserve particular articulations of arguments that way. But at one and the same time, you're not asking us to adopt a per se rule that any time an arrest warrant is referenced that there's some kind of Fourth Amendment violation through a breach of implied authority or something like that. You have to agree, don't you, that particular facts matter. I mean, of all areas of criminal procedure, the Fourth Amendment facts are at an apex, are they not? Correct. Okay. And so if that's the case, I don't see how this issue doesn't have to be presented in its particular dimensions to the district court. So the warrant is one circumstance in the totality of the circumstances on both the seizure question and the voluntary consent question. And because the government bears the burden, and because we have under bumper NAFSCAR that it's a threshold inquiry, at least for the voluntary consent, that circumstance, which was acknowledged by the district court, which was acknowledged by the magistrate that there was an arrest warrant presented, there needs to be some indication that voluntary consent could still occur despite the presentation of the warrant. And so this isn't something that the district court or the magistrate was unaware of. There were fact findings about the presence of the warrant, and there were fact findings about the conversation in the doorway while the warrant was presented. So under those totality of the circumstances, it's on the government to show that there's voluntary consent. Yeah, no, I get it. I mean, look, you're dealt the hand you're dealt. And I just think, look, if this is a big feature for the defendant, the defendant's got to put this in front of the district court. We get the benefit of seeing how it's briefed and argued, et cetera, et cetera. And I mean, you're stuck with that. So I would say Mr. Jones discharged his duty also when he objected to the portions of the report and recommendation where these findings were made, including the findings about the warrant. And that's all that's required under him for 636. Now, if the court is to... What findings about the warrant did he object to? He objected to the portions of the report and recommendation on seizure, consent, and voluntary consent. And he included pin sites to the specific pages, which included the findings about the doorway exchange, which also included the presentation of the warrant. But there was no specificity for the district court judge then to determine that his objections had anything to do with the warrant and the arguments you're making here that the warrant made the seizure unreasonable or went to consent. You can't just put a pinpoint site in and assume the district court is going to be able to understand the scope of an argument that you don't specifically present. So because the warrant was a totality of the circumstances point of both seizure and consent, we would say under bumper NAFSCR, because of the threshold entry, the government has to prove it by... Under NAFSCR, again, even if they relied on voluntary consent, the warrant is what the were executing when they went to find the truck, which is very different here. They weren't going to execute a warrant and didn't tell him they were executing a warrant for him or to search the motel. So the warrant officers did testify they were going to execute a warrant. Now, they shouldn't have relied on the arrest warrant. And if someone came to your house and spoke with a young child or a spouse or a friend who was unfamiliar with the authority of a warrant, then we wouldn't expect them to understand those differences. And if I may move on briefly to the scope of consent issue, even assuming there was consent, it was at most a quick visual search. And there are not two standards for objectively reasonable officer and objectively reasonable objection. If we would like to verify she's not inside is sufficient to obtain consent, the mirror image of she couldn't be under there has to be sufficient for the officers to understand there's objection. But it's not just that we'd like to verify she's not inside. It's that we'd like to verify she's not inside. And Mr. Jones' response of saying that's fine and moving away from the door. So I don't think you can look at that in isolation. Correct. So it's the entire exchange which also is we're going to look where a person could be and we will not open small drawers or anything like that. No physical manipulation. So as soon as Mr. Jones sees an officer lifting up a bed, he objects she couldn't be under there, which calls back to all these statements. And so the officers should have understood at that point they should have stopped. Well, what is the district judge's clear error? You think it's clear error not to treat that as revocation of the consent to search? When you treat we would like to verify she's not inside as the exchange is. No, I'm asking a technical question about the standard of review. Correct. I'm not asking what argument you think should have won. I'm asking why you think it is clear error for the district judge not to treat that ambiguous statement as revocation of consent. It is clear error to treat she couldn't be under there, which is the mirror image of we would like to verify she's not inside as an objection under the circumstances of this case on the historical facts that are . . . I'm just lost. Objecting or saying something that's obviously wrong is different from revocation of a consent to search, right? The district court found that it was not a revocation. You can't win without persuading us that that is clearly erroneous finding. And just asserting repeatedly a contrary position doesn't explain why it's clearly erroneous. So, respectfully, Your Honor, the point I was trying to make on clear error is just because it is the reverse of the statement. That is clear error. If we treat we would like to verify as enough, then this is clear. It's clear error to treat that as not enough for an objection. If I may reserve the remainder of my time for rebuttal. Certainly, Mr. Brewton. Mr. Whalen. Thank you. May it please the Court. Good morning, Your Honors. Nathaniel Whalen here on behalf of the United States of America. Your Honors, the district court conducted a de novo review and appropriately found that the defendant was not seized, voluntarily consented to a search of his apartment, and the officer's scope or search was within the scope of that consent. I think the courts got into many of the issues that we briefed already in its questions, and so I'm not going to belabor a whole lot here. I will just address a couple points that Mr. Jones made. He asserted he didn't understand the difference between the warrants. Well, there's no evidence of that anywhere in the record, Your Honors. It's undisputed this was an arrest warrant for Ms. Gosnell. And respectfully, Judge Scudders, to the premise of your question, I do think Mr. Jones is asking for a per se rule that when there's a warrant involved, the district court has to analyze the warrant's effect on the consent in every single case. I don't know. I don't know that Mr. Bruton's asking for that. I think his main point, he does a really good job articulating it in his brief, is that, look, when you start discussing, you want to look for somebody, and you start making a reference, I have a warrant for that person's arrest, and you're dealing with people that are not trained in the law, there's an implication of authority that the reference to the warrant brings with it that's going to help them get in that hotel room. I think that's what he's worried about. And I think his point is that you all bear the burden of showing that there was consent there, and we just have complete silence on this. Nobody's really analyzed the question. I don't know that it's a bumper set of facts. It's not that egregious. But he's surely right that references to warrants as part of seeking access to a particular place is a pretty serious Fourth Amendment concern. Well, Your Honor, I don't think there's any evidence that they referenced the warrant to seek access to the place. Well, that's what he's arguing by implication. Sure. I understand that, Your Honor. And if this argument had been presented down below, clearly we could have admitted the warrant, and we could have had the officers testify as to what effect they think this might have had on Mr. Jones, if any. Where we are now, Your Honor's point is well taken, is we have a silent record. Mr. Jones, there's no evidence he didn't understand the warrant. There's no evidence he was confused by it. And this was an arrest warrant. And I think that is a big distinguishing factor between NAFSCAR and bumper. And it's undisputed this is an arrest warrant. I've yet to see a case in the Federal Reporter where a court has said that the defendant is confused in an arrest warrant and a search warrant. Your Honors, frankly, I'm happy to touch on any points or questions the court might have. I think the court's gathered our arguments in the briefs and understands the facts very well. The court has eight questions on seizures, the scope of consent, anything like that. We're happy to answer the questions. Otherwise, I think the defendant hasn't shown that there's clear in any of the district court's findings, and we ask this court affirm. Thank you. Thank you, Mr. Whalen. Anything further, Mr. Bruton? On preservation, I take the point that arguments could have been made in fuller form, but at a suppression hearing, you have a suppression hearing transcript, you have shorter briefs. Things are going to be aired as well as they are in a 14,000-word brief. In every preservation case cited by the government, it was dealing with a case where the defendant did not raise the antecedent constitutional issue below. Billups, within this court, says a new twist on an argument is fine. A warrant is one circumstance, just like age, race, education, time of day, conversational tone, whether the officers were uniformed. The district court knew to analyze all of those things, even if there was not a paragraph in the defendant's brief or the government's brief saying, age, topic sentence, three sentences about age. They had to analyze the warrant. And NASCAR says it is a threshold inquiry on which the government bears a burden by preponderance of the evidence. Preponderance of the evidence means the government has the burden of persuasion and production. Put the warrant in. Explain the differences. Show the warrant to the court so they know that a person who is in their 40s with a GED could, in 15 to 20 seconds, at night, in the dark, while conversing with armed and uniformed doesn't convey authority to enter, and a search warrant for Jones, or an arrest warrant for Jones, or an arrest warrant for a third person that specifically states we can come in Mr. Jones' motel room to search for this third person. No reasonable person, much less Mr. Jones in this situation, could understand that. Mr. Bruton, can I ask you one question to get the benefit of your insight on it? It's on a different issue. It's this issue of the district court review of the magistrate recommendations. How should an appellate court go about determining when or whether a district court, despite referencing the appropriate standard of review, then applies a different standard? I've seen this argument in a few different cases, and the way it's presented is, well, you're going to know it when you see it. But what factors do you think inform that analysis? I would point this court to Quinney. It's an unpublished Sixth Circuit case, but it's a good example. What's the name? Say the name again. Quinney. It's in the briefs. We can call it 28-J as well as not necessary. So in Quinney, the district court stated the de novo standard, but the appellate court said they only paid lip service to it because they later applied an erroneous standard to the defendant. Their analysis of the issues was cursory and short, and again, under this court's precedent, you can just adopt the report and recommendation and stop, but the district court here showed its work. Because the district court said erroneous three times, we know that it put the burden on Mr. Jones. It never said the government bore the burden on these questions, and additionally, because of the paucity of factual findings surrounding things like the warrant, remand would also be appropriate. And that is a separate point from just the de novo determination. I would point this court to Groves, Talkington, and Fields, which are all consent cases, where this court said because of the paucity of factual findings, we have to remand for a do-over. So if you do not believe that reversal and suppression is necessary, Mr. Jones should at least have the chance to have a proper de novo determination and have proper factual findings made on all of these essential questions. If the court has no further questions, we'd ask that you reverse and remand. Thank you. Thank you, Mr. Brewton. We appreciate your willingness and that of your law firm to accept the appointment in this case and your assistance to the court as well as your client. The case is taken under advisement. Thank you.